IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMELL SMALLWOOD,<br>　　　Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WARDEN DALE MEISEL,<br>　　　Respondent. | : | NO. 13-3989 |

## ORDER

AND NOW, this 21st day of November 2013, upon consideration of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (Doc. No. 4), the Court's previous Order approving and adopting the Report and Recommendation (Doc. No. 5), and Petitioner Jamell Smallwood's Objections to the Report and Recommendation (Doc. No. 6), and upon careful and independent review of Petitioner's Habeas Corpus Petition (Doc. No. 1), it is hereby ORDERED as follows:

1. The Court's previous Order approving and adopting the Report and Recommendation (Doc. No. 5) is VACATED. Under Local Civil Rule 72.1.IV(b), any party may object to a magistrate judge's report and recommendation "within fourteen (14) days after being served with a copy thereof." The Report and Recommendation (the "R&R") in this case was filed on October 16, 2013. (R&R, Doc. No. 4.) Accordingly, Smallwood's objections were due no earlier than October 30, 2013. Smallwood appears to have signed his objections on October 26, 2013. (Pet'r's Obj., Doc. No. 6.) We will therefore consider the objections as having been timely filed pursuant to the prison mailbox rule. See Spencer v. Beard, 351 F. App'x 589, 590 (3d Cir. 2009) (per curiam) (finding that a prisoner filed timely objections to the magistrate judge's report and recommendation where the objections were "dated one day before the deadline").

2. The Report and Recommendation (Doc. No. 4) is APPROVED and ADOPTED. The Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). We only review de novo those portions of the report and recommendation that are specifically objected to because "complete *de novo*

determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984) (per curiam). See also Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).

Smallwood objects to four aspects of the R&R. First, Smallwood objects to the R&R's central recommendation: that Smallwood's ancestry is not relevant to the events in 2012 in Lehigh County. (Pet'r's Obj. ¶¶ 3-7.) Smallwood argues that Pennsylvania is violating his rights under the United States Constitution by holding him in custody for allegedly violating Pennsylvania law because neither he nor his ancestors has consented to the Pennsylvania Constitution. (Id. at ¶ 7.) This objection is frivolous. "No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts." Beal v. Missouri Pac. R. R. Corp., 312 U.S. 45, 49 (1941).

Second, Smallwood argues that any dismissal should be without prejudice to give him the opportunity to exhaust his claims in state court. (Pet'r's Obj. ¶ 2.) This objection is overruled because Smallwood's claim for relief is frivolous, and there would be no point to allowing him to re-file this frivolous claim once it has been presented to the state court.

Third, Smallwood objects to the R&R's finding that he has not presented an extraordinary circumstance that would justify overlooking his failure to exhaust available state law remedies. (Pet'r's Obj. ¶ 8.) Again, it is immaterial whether Smallwood has exhausted state law remedies because his claim is frivolous.

Fourth, Smallwood objects to the recommendation that no certificate of appealability should issue. (Id. at ¶ 9.) 28 U.S.C. § 2253(c)(2) provides that a habeas petitioner seeking a certificate of appealability must make "a substantial showing of the denial of a constitutional right." Smallwood has made no such showing. No certificate of appealability shall issue because jurists of reason could not "disagree with the [Court's] resolution of [Smallwood's] constitutional claims" or conclude that the issues Smallwood presents "are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

3. The Petition (Doc. No. 1) is DISMISSED with prejudice and without a hearing.

4. A certificate of appealability SHALL NOT issue.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.